IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRMA TOVAR, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>PLAZA BANK, )<br><br>Defendant. ) | Case No. 08-cv-4008<br>Judge Kendall<br>Magistrate Judge Nolan |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, PLAZA BANK, by and through its attorneys, Martin & Karcazes, Ltd., and for its Answer to Plaintiff's Class Action Complaint, states as follows:

### The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

2. Defendant is a state-chartered bank with its principal place of business in this district.

**ANSWER:** Defendant admits the allegations in this paragraph.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § 205.1 *et seq.*

**ANSWER:** Defendant admits the allegations in this paragraph.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendant resides in this district.

**ANSWER:** Defendant admits that venue is proper and that it resides in this district, but is without knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies same.

### Statutory/Regulatory Authority

5.  The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

**ANSWER:** Defendant defers to the actual language of the EFTA and Regulation E, and denies any characterization inconsistent therewith.

6.  Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

**ANSWER:** Defendant defers to the actual language of the EFTA and Regulation E, and denies any characterization inconsistent therewith.

7.  The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**ANSWER:** Defendant defers to the actual language of the EFTA and Regulation E, and denies any characterization inconsistent therewith.

**Facts**

8.  On January 5, 2008, Tovar used automated teller machine ("ATM") number IP3278 ("ATM IP3278"), located at 7460 W. Irving Park Rd., Chicago, IL.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

9.  On January 5, 2008, Tovar was charged $2.00 to withdraw money from ATM IP3278.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

10. On January 5, 2008, at the time Tovar used ATM IP3278, there was no Posted Fee Notice posted on or near ATM IP3278 that disclosed that users would be charged any fee for using ATM IP3278.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

11. Defendant has a wide network of ATMs, some of which did not have Posted Fee Notices.

**ANSWER:**  Defendant admits that it has a network of ATMs, some of which, at some point in time, did not have Posted Fee Notices, but denies any and all remaining allegations in this paragraph.

### COUNT I
### VIOLATION OF EFTA AND REGULATION E

12. Plaintiff incorporate herein by reference paragraphs 1-11.

**ANSWER:**  Defendant incorporates herein its responses to Paragraphs 1-11.

13. Plaintiff brings this Count on behalf of herself and the Class. The Class consists of all persons who during the year prior to the filing of this action (a) were charged a transaction fee for the use of any Plaza Bank automated teller machine (b) when Plaza Bank did not post a notice on the automated teller machine that it would impose a transaction fee on users of that machine.

**ANSWER:** Defendant admits that Plaintiff purports to bring a class action on behalf of those persons referenced in the subject paragraph, but denies that this action is properly maintained as a class action. Defendant denies any and all remaining allegations in this paragraph.

14. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The actual number of putative Class members is in the exclusive control of Defendant.

**ANSWER:** Defendant admits that it would have information regarding the number of users of the ATM in question during the relevant time-period, but denies the remaining allegations in this paragraph.

15. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

    (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on customers for providing host transfer services to those consumers; and

  (b)  Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

**ANSWER:** Defendant denies the allegations in this paragraph.

16. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative Class members, including:

  (a)  Plaintiff and all putative Class members used an ATM operated by Defendant;

  (b)  Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

  (c)  Defendant illegally imposed a fee on Plaintiff and all putative Class members for their respective use of Plaza Bank ATMs that did not have fee notices in compliance with the EFTA.

**ANSWER:** Defendant denies the allegations in this paragraph.

17. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

**ANSWER:** Defendant denies that a class action is appropriate and preferable, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

18. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

**ANSWER:** Defendant denies the allegations in this paragraph.

19. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

**ANSWER:** Defendant denies the allegations in this paragraph.

20. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative Class member's actual damages is too small to make individual litigation an economically viable option.

**ANSWER:** Defendant denies the allegations in this paragraph.

21. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

**ANSWER:** Defendant denies the allegations in this paragraph.

22. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

**ANSWER:** Defendant admits the allegations in this paragraph.

23. Defendant was the ATM operator of the ATMs used by the Plaintiff and members of the Class at all times relevant to this action.

**ANSWER:** Defendant admits that it was the ATM operator of the ATMs allegedly used by the Plaintiff and members of the Class at all times relevant to this action, but is without knowledge or information sufficient to form a belief as to the truth of remaining allegations in this paragraph.

24.     Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

**ANSWER:**   Defendant denies the allegations in this paragraph.

25.     Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant therefore illegally imposed a fee on Plaintiff and all putative Class members for their respective use of Plaza Bank's ATMs.

**ANSWER:**   Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (NOTICE REMOVED BY THIRD PARTY)

Pursuant to 15 U.S.C. § 1693h(d), Plaintiff's claims are barred, in whole or in part, because any alleged violation of the EFTA resulted from the subsequent removal, damage, or alteration of the requisite notices by someone other than Defendant. Defendant provided all of the required notices in accordance with the EFTA and Regulation E, and Defendant itself did not cause the removal, damage or alteration of the required notices.

### SECOND AFFIRMATIVE DEFENSE
### (BONA FIDE ERROR)

Pursuant to 15 U.S.C. § 1693m(c), Plaintiff's claims are barred, in whole or in part, because any alleged violation of the EFTA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Defendant posted all of the notices required under the EFTA and Regulation E, and adopted reasonable maintenance procedures to ensure that the requisite notices were properly displayed and maintained.

### THIRD AFFIRMATIVE DEFENSE
### (WAIVER)

Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of risk, waiver, estoppel or consent and ratification because Defendant's ATMs notify all users who are subject to an ATM withdrawal fee that the user shall be charged such fee if they affirmatively choose to continue with their transaction. Plaintiff had the opportunity to decline the ATM fee before any such fee was charged, but chose to accept the ATM fee in return for the ATM services rendered by Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (LACHES)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff alleges use of ATM IP3278 on January 5, 2008, but has waited until July 15, 2008, to file suit. Plaintiff had prior knowledge of the facts giving rise to the claim. Presumably, this delay was calculated to increase the amount of alleged damages, resulting in increased prejudice to Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages. Defendant's ATMs notify all users who are subject to an ATM withdrawal fee that the user shall be charged such fee if they affirmatively choose to continue with their transaction. Plaintiff had the opportunity to decline the ATM fee before any such fee was charged, but chose to accept the ATM fee in return for the ATM services rendered by Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff's claim fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE
### (CLASS DEFENSES)

Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class against Defendant, then Defendant asserts all its Affirmative Defenses against each member of the certified class. This Affirmative Defense, therefore, is conditional and applies only in the event of class certification.

Defendant reserves the right to amend this Answer to set forth any and all other defenses presently existing or that may be learned through discovery, investigation, or proceedings.

WHEREFORE, Defendant, PLAZA BANK, respectfully requests that the Court enter judgment in its favor and award it its costs and attorneys' fees and any and all other relief deemed appropriate.

    Respectfully submitted,
    PLAZA BANK

    /s/ Lance Johnson
    One of its attorneys

Dated: August 21, 2008

Lance Johnson, Atty #6289845
Allen C. Wesolowski, Atty #3124281
James A. Hasier, Atty #618789
Martin & Karcazes, Ltd.
161 N. Clark St., Suite 550
Chicago, Illinois 60601
P: 312-332-4550
F: 312-332-4905