

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IRMA TOVAR, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | No. 08 C 4008 |
| ) | |
| v. ) ) | Magistrate Judge Nolan (consent filed) |
| PLAZA BANK, ) ) | |
| Defendant. ) | |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1. Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3): All persons who, from October 30, 2007 to March 31, 2008, were charged a transaction fee for the use of any of the following automated teller machines operated by Plaza Bank:

| Branch | Address | Type | ATM No. |
|---|---|---|---|
| Main Office | 7460 W. Irving Park Rd., Norridge, IL | Drive-up | IP3278 |
| Dunning Square | 6500 W. Irving Park Rd., Chicago, IL | Drive-up | IP3277 |
| Niles | 7201 N. Harlem Ave., Niles, IL | Drive-up | IP3280 |

2. Based on the parties' stipulations, and for settlement purposes only: (A) the class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not the absence of a posted notice at the ATM machines identified above violated the

requirements of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*; (C) the claim of Plaintiff Irma Tovar is typical of the Class Members' claims; (D) Plaintiff Irma Tovar is an appropriate and adequate representative for the Class and her attorneys, Lance A. Raphael, Stacy M. Bardo, and Allison A. Krumhorn are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it. In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class.

4. The Court approves the proposed forms of notice to the Class, and directs that notice be implemented in accordance with Section 2.4 of the Settlement Agreement. Counsel will file an affidavit with the Court, at least 5 business days prior to the Final Approval Hearing, attesting that notice has been so given.

5. The Court finds that the notice proposed in Section 2.4 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6. Class Members shall have forty-five (45) days after the first date newspaper notice is published to send in a claim form, opt out or object to the proposed Settlement Agreement.

7. Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim Form, which will be available for download at www.caclawyers.com or by contacting Class Counsel. To be timely, a Claim Form must be sent to Class Counsel and postmarked within 45 days after the first date newspaper notice is published.

8.  Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to Class Counsel and postmarked within 45 days after the first date newspaper notice is published. To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *TOVAR V. PLAZA BANK*." The request for exclusion must also contain the excluded Class Member's name, address, and signature.

9.  Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Final Approval Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for the objection, postmarked no later than 14 days before the Final Approval Hearing. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than 5 days prior to the Final Approval Hearing.

10. A Final Approval Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on May 20 2009 at 10 a.m./p.m.

SO ORDERED:

_Nan R. Nolan_
Honorable Nan R. Nolan
United States District Court Magistrate
03/05/09